UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROMELIA PEREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN FAMILY INSURANCE COMPANY,<br><br>　　　　　Defendant. | CASE NO. C20-849RSM<br><br>ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL |

This matter comes before the Court on Defendant American Family Insurance Company ("American Family")'s Motion for Protective Order and Plaintiff Romelia Perez's Motion to Compel. Dkts. #22 and #26.

This action concerns Plaintiff's insurance claim for water damage to the first floor of her home on May 14, 2019. American Family retained a company called ServiceMaster to assist with remediation and abatement. Plaintiff claims that ServiceMaster failed to adequately resolve the water damage and that American Family "ignored the dangers to the inhabitants of the home and issued payment based on a low-ball estimate of repairs that did not include key components like mold remediation or asbestos abatement." Dkt. #24 at 3. Plaintiff filed suit on May 14, 2020, and asserted claims for declaratory relief and breach of contract. Dkt. #1-1. Plaintiff later

ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL – 1

amended her Complaint to include claims under IFCA, Bad Faith, Negligent Claims Handling, Violations of the CPA, Injunctive Relief, and Constructive Fraud. Dkt. #16.

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending – or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." Fed. R. Civ. P. 26(c)(1). "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…" *Id*. "The decision to issue a protective order rests within the sound discretion of the trial court." *Seiter v. Yokohama Tire Corp.*, 2009 WL 2461000, *1 (W.D. Wash. 2009).

### B. American Family's Motion for Protective Order

At issue in this Motion are certain topics for an upcoming deposition of American Family's 30(b)(6) designee:

ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL – 2

>6. Any contracts, instructions, guidelines, or protocols related to ServiceMaster's work on claims for American Family policyholders.
>
>18. All bad faith cases or complaints involving first party homeowners claims lodged against you in the State of Washington within the last ten years.
>
>19. The contents and location of the personnel files of all American Family employees who worked on the subject claim. (Note: Plaintiff has no interest in obtaining private information such as Social Security numbers, health information, or training relating to noninsurance subjects, such as general human-resources training. This request is targeted to information relating to the claims- including information (if any) relating to claims-handling training, supervision of claims activity, complaints or discipline relating to claims activity, performance evaluation to the extent it related to claims-handling activity, compensation information to the extent it is tied to performance or financial metrics, or other such information.)
>
>23. Any and all plans, policies, protocols, and procedures for saving money, cutting costs, improving results or similar performance standards for the claims department, however described and whatever called.
>
>24. All strategies or other documents related to not "overpaying" claims, however described and whatever called.
>
>25. All documents regarding bonuses, compensation, incentives or other incentives given or paid to claims representatives, claim managers or their supervisors.

Dkt. #23-7 (Notice of 30(b)(6) Deposition); Dkt. #22 at 3 (briefing listing topics at issue).

American Family argues that "[n]one of the above referenced disputed topics are relevant or related to the issues in this matter – rather they amount to a fishing expedition that Plaintiff's counsel is attempting to use in an effort to drive up the cost of the litigation in this matter and harass American Family and its employees." Dkt. #22 at 3–4.

The Court finds that Topic 6, above, is relevant to Plaintiff's claims but is overly broad as written, and the burden or expense of the proposed discovery as drafted outweighs its likely

ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL – 3

benefit. Discovery into this topic will thus be limited to contracts, instructions, guidelines, or protocols related in any way to ServiceMaster's work on claims for *this* American Family policyholder, to the extent they have not already been produced. This does not include corporate level documents between these two companies to the extent they were not explicitly relied on by American Family or ServiceMaster when ServiceMaster performed services for this insured. Any confidentiality issues can be resolved by the entry of a stipulated protective order conforming to the Court's Local Rules regarding that topic. *See* Dkt. #35.

American Family has successfully convinced the Court that Topic 18 is overly broad, not relevant to most of Plaintiff's claims, and that the burden or expense of the proposed discovery outweighs its likely benefit. The Court agrees that bad faith claims brought by others are essentially irrelevant to Plaintiff's bad faith claim. *See* Dkt. #22 at 9. Although they may be relevant to Plaintiff's CPA claim, she can show a per se violation if she establishes a violation of the relevant sections of the Washington Administrative Code related to insurance. Plaintiff's counsel, who has apparently gone up against American Family in prior litigation, can presumably track down other examples of bad faith claims without pursuing this topic in an otherwise lengthy deposition.

As for Topic 19, the Court agrees with American Family that the request for personnel files is overbroad, are not relevant to Plaintiff's claims as stated in the pleading (which does not name any employees), and is more likely to lead to embarrassment and undue burden or expense for Defendant and its employees. The Protective Order will be granted as to this topic.

As for Topics 23, 24, and 25, the Court finds that American Family has failed to meet its burden of demonstrating that a protective order is warranted. American Family essentially argues that Plaintiff does not have evidence that the company "incentivizes employees handling claims,

ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL – 4

such as adjusters and perhaps their immediate supervisors, to undervalue claims." Dkt. #22 at 12. American Family cites to a recent case, apparently involving the same counsel on both sides, where Judge Settle discussed this issue. *Id.* (citing *Barron v. American Family*, Case No. 3:16-cv-05576 BHS, January 16, 2019, Motion Hearing at 26-28). This discussion does not direct the Court's decision. Plaintiff argues convincingly that "[i]f American Family ties its claims department employees' compensation to claims payouts, this is key bad faith evidence" with citation to other cases where this topic was relevant. Dkt. #24 at 11 (citing cases). Plaintiff is thus appropriately using discovery to find evidence relevant to her bad faith claim that reasonably could exist. She does not need to present this evidence to the Court before seeking it in discovery.

**C. Plaintiff's Motion to Compel**

The two identified issues in Plaintiff's Motion are: "[s]hould the Court require American Family to produce information relating to its handling of the claim for the entire time the claim was open—including after the start of litigation," and "[a]re American Family's claims handling manuals, guidelines, and policies discoverable outside of the policy period in this bad faith litigation." Dkt. #26 at 3.

Plaintiff relies on *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn.2d 686, 295 P.3d 239 (2013) to support her Motion. Under *Cedell*, the Court begins with the "presumption that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjusting process," and that the attorney-client privilege is "generally not relevant." *Cedell*, 295 P.3d at 246. The insurer may overcome the presumption of discoverability by demonstrating that its attorney was not engaged in the quasi-fiduciary functions of investigating and evaluating or processing the claim. *Id.* Nothing in *Cedell* limits the discoverability presumption to pre-litigation evidence. The Court finds here that attorney-client privilege does not apply to

ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL – 5

information related to the handling of the claim, including after the start of litigation, unless American Family overcomes the presumption of discoverability as stated above.  The Court agrees with Plaintiff that, given the investigation and adjustment actions of American Family after the commencement of litigation, there will likely be documents that are discoverable.  However, because the parties do not discuss specific documents that have been withheld based on this privilege, the Court cannot issue a more specific ruling.  The Court urges the parties to work together to avoid bringing this issue before the Court.

Work product privilege will likely not apply to these same documents.  Rule 26(b)(3) governs Defendants' assertions of work-product protection.  *See Schreib v. Am. Family Mut. Ins. Co.*, 304 F.R.D. 282, 285 (W.D. Wash. 2014); *MKB Constructors v. Am. Zurich Ins. Co.*, No. C13-0611-JLR, 2014 WL 2526901 (W.D. Wash. May 27, 2014).  The work product doctrine protects from discovery "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A).  When the issue comes before the court, it necessarily requires a case-by-case inquiry. *Garcia v. City of El Centro*, 214 F.R.D. 587, 592 (S.D. Cal. 2003).  The party invoking the work product doctrine bears the burden of establishing that it applies. *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011).  The Ninth Circuit has stated that "a document should be deemed prepared in anticipation of litigation and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Subpoena (Mark Torf)*, 357 F.3d 900, 907 (9th Cir. 2004).  If a document would have been created in substantially similar form in the normal course of business, however, the fact that litigation is afoot will not protect it from discovery. *Id*. at 908.  Where a document serves a dual

ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL – 6

purpose—*i.e.*, the document "was not prepared exclusively for litigation"—the Ninth Circuit applies the "because of" standard:

> Dual purpose documents are deemed prepared because of litigation if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation. In applying the "because of" standard, courts must consider the totality of the circumstances and determine whether the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation.

*Richey*, 632 F.3d at 567–68 (internal quotation marks omitted).

Plaintiff argues:

> The requested claim material here is discoverable regardless of the commencement of litigation because American Family and/or its attorneys engaged in basic claims handling functions like hiring experts, investigating the cause of the loss and extent of damage, and valuing property. American Family had a duty to do these things anyway. WAC 284-30-370, 380(7) (insurer responsible for complete claim investigation and determining the "accuracy of evaluations to determine actual cash value.").

Dkt. #31 at 5. The Court generally agrees with this sentiment but cannot issue a more specific ruling.

With regard to the second issue raised in Plaintiff's Motion, the Court agrees with American Family that the claims manuals being sought from outside the loss time period are irrelevant and therefore will not compel production of those documents.

Having reviewed the briefing, along with the remainder of the record, the Court hereby finds and ORDERS:

1) American Family's Motion for Protective Order, Dkt #22, is GRANTED IN PART AND DENIED IN PART as stated above.

2) Plaintiff's Motion to Compel, Dkt. #26, is DENIED, except as stated above.

ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR PROTECTIVE ORDER AND MOTION TO COMPEL – 7

3) Given the partial granting and denying of the above Motions, fees under Fed. R. Civ. P. 37(a)(5) are not warranted against either party.

DATED this 11th day of March, 2021.

                                             RICARDO S. MARTINEZ
                                             CHIEF UNITED STATES DISTRICT JUDGE