Judge Ricardo S. Martinez
Trial Date:  October 4, 2021
Noted for Hearing:  June 4, 2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ROMELIA PEREZ,<br><br>    Plaintiff,<br><br>  v.<br><br>AMERICAN FAMILY INSURANCE COMPANY,<br><br>    Defendant. | Case No. 2:20-cv-00849 RSM<br><br>**AMERICAN FAMILY'S MOTION FOR LEAVE TO CONDUCT THE SECOND DEPOSITIONS OF PLAINTIFF ROMELIA PEREZ AND ABOLFAZL HOSSEINZADEH**<br><br>**NOTED: JUNE 4, 2021** |

**COMES NOW,** Defendant American Family Mutual Insurance Company ("American Family"), by and through its counsel of record submits the following Motion for Leave of the Court to conduct the Second Depositions of Plaintiff, Romelia Perez and her husband, Abolfazl Hosseinzadeh, pursuant to FRCP 30(a)(2)(ii).

## I.    RELIEF REQUESTED

American Family respectfully requests that this Court allow it to conduct the second depositions of Plaintiff Romelia Perez ("Ms. Perez" or "Plaintiff") and Abolfazl Hosseinzadeh ("Mr. Hosseinzadeh"), because Plaintiff has asserted new claims since her and Mr. Hosseinzadeh's first depositions, and American Family should be allowed to conduct discovery on said claims.

No. 2:20-cv-00849 RSM
**AMERICAN FAMILY'S MOTION FOR LEAVE TO CONDUCT THE
SECOND DEPOSITIONS OF PLAINTIFF ROMELIA PEREZ AND
ABOLFAZL HOSSEINZADEH** – 1

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109-6243
(206) 622-0494/Fax (206) 587-2476

**CERTIFICATION PURSUANT TO LCR 37(a)(1)**

American Family requested the second depositions of the Plaintiff and her husband on May 5, 2021.  Declaration of A. Elyse O'Neill, dated 5/20/21 (hereinafter "Dec. O'Neill"), **Exhibit 2** (*Email chain range 5/5/2021 – 5/13/21*).  Plaintiff would not agree and requested authority for the same.  American Family provided authority on May 11, 2021.  The parties worked to schedule a discovery conference to discuss the same.  *Id*.  The parties conducted a discovery conference on Monday, May 17, 2021, via telephone, with Counsel Kathryn Knudsen and Elyse O'Neill, regarding American Family's request to re-depose both Plaintiff and her husband, Mr. Hosseinzadeh.  Plaintiff's counsel would not agree absent an outline akin to a 30b6 topic list.  It is American Family's position that such a request is beyond the scope of the rules, and because the Plaintiff will not agree, leave of the Court must be sought, pursuant to FRCP 30(a)(2)(ii) .  As such, this motion follows.  Dec. O'Neill, **Exhibit 1** (*Email between WLHR and Plaintiff's counsel dated 5/19/2021*).

## II.    FACTS

This action arises from a clean water loss in the lower, below grade, level of a two-story home on 5/14/19.  ServiceMaster was retained in this case to assist with the remediation and abatement related to the subject water loss.  Plaintiff filed suit on May 14, 2020, and asserted claims for declaratory relief and breach of contract.  ECF 1-1. Plaintiff and Mr. Hosseinzadeh were both deposed by American Family on September 11, 2020.[1] Declaration of A. Elysee O'Neill ("Dec. O'Neill), **Ex. 4 & Ex. 5**. Plaintiff amended her Complaint on or about December 23, 2020, to include claims under IFCA, Bad Faith, Negligent Claims Handling, Violations of the CPA, Injunctive Relief, and Constructive Fraud.  ECF 16.

On May 11, 2021, American Family requested Plaintiff and Mr. Hosseinzadeh appear for a second deposition. Dec. O'Neill, **Ex. 2.**  American Family advised that it would seek leave of the Court to compel the second deposition if Plaintiff would not agree. *Id.*  During the

---

[1] Despite Mr. Hosseinzadeh not being a named Plaintiff in this action, he was the main point of contact for American Family during the claim's adjustment period.  Plaintiff's counsel has confirmed their office is in fact representing both Plaintiff and Mr. Hosseinzadeh.  Dec. O'Neill **Ex. 1**.

No. 2:20-cv-00849 RSM
**AMERICAN FAMILY'S MOTION FOR LEAVE TO CONDUCT THE SECOND DEPOSITIONS OF PLAINTIFF ROMELIA PEREZ AND ABOLFAZL HOSSEINZADEH** – 2

discovery conference, Plaintiff's counsel requested American Family provide essentially a 30(b)(6) list of topics which it intends to inquire during the second deposition. Dec. O'Neill **Ex. 1**. As Plaintiff was not in agreement to stipulate to allow the second deposition to proceed, American Family seeks leave of the Court to conduct the.

### III.   STATEMENT OF THE ISSUES

1. Should the Court allow American Family to re-depose both Plaintiff and Mr. Hosseinzadeh, after Plaintiff has asserted new claims in her amended complaint which were not at issue prior to the Amended Complaint being filed, and American Family has not deposed Plaintiff or Mr. Hosseinzadeh on these claims and alleged damages? **YES**

### IV.   EVIDENCE RELIED UPON

1. Declaration of A. Elyse O'Neill, dated 5/20/2021, with exhibits;

2. The pleadings and file herein.

### V.   ARGUMENT

**A.   American Family Should Be Allowed to Re-Depose Plaintiff and Mr. Hosseinzadeh On the Newly Asserted Claims and Alleged Damages**

Under Fed. R. Civ. P. 30(a)(2)(A)(ii), absent a stipulation, a party must obtain leave of court for a deposition if the deponent has already been deposed in the case. The court in *Woodridge* granted leave to conduct a deposition of a deponent for a second time in the interest of fully and fairly considering all evidence in the matter. *Woodridge Dev. v. Fed. Deposit Ins. Corportation*, No. 11-5798 RJB, 2012 U.S. Dist. LEXIS 203779, at *8 (W.D. Wash. Aug. 6, 2012). The deposition had taken place prior to the receiver for LibertyBank being appointed, and being a party in the action. The receiver sought leave for the second deposition, because it had not had an opportunity to explore its claims and defenses through discovery. *Id.* at *6. The court ruled, pursuant to 26(b)(2) and 30(a)(2), that the second deposition was not (1) unreasonably cumulative or duplicative; (2) it could not be obtained from some other source that is more convenient, less burdensome, or less expensive; (3) the party seeking the second

1   deposition did not have ample opportunity to obtain the information it seeks; and (4) the burden

2   of the second deposition did not outweigh the benefit. *Id.* at *8.

3        Other courts have also granted leave to depose a deponent for a second time. *Payne v.*

4   *Peninsula Sch. Dist.*, No. 3:05-cv-05780-RBL, 2013 U.S. Dist. LEXIS 93837, at *2 (W.D.

5   Wash. July 3, 2013) ("multiple depositions are appropriate in certain circumstances, when a

6   long time has passed during which new evidence may have come to light"); *In re Lufthansa*

7   *Technick AG*, No. C17-1453-JCC, 2019 U.S. Dist. LEXIS 10015, at *13 (W.D. Wash. Jan. 22,

8   2019).  In both cases the second deposition was limited to matters not covered by the first.

9        American Family is entitled to discovery on all claims being brought against it.  At the

10  time of the first depositions, the only claims being brought were limited to contractual claims

11  (moreover the Complaint itself was limited to 4 pages – *See* ECF 1-1).  Since that time,

12  Plaintiff's amended complaint now includes new factual allegations, as well as Causes of

13  Action under IFCA, Bad Faith, Negligent Claims Handling, CPA, Injunction, and Constructive

14  Fraud.  The Amended Complaint now spans 11 pages.  *See* ECF 16.  As the extra contractual

15  claims were not at issue during the first deposition, American Family did not inquire as to any

16  damages related thereto.  *See generally* Dec. O'Neill **Ex. 4 & 5**.  Discovery on these claims is

17  necessary in order for American Family to properly mount its defense in this matter.

18       Consistent with *Woodridge,* this Court should allow American Family to re-depose the

19  Plaintiff and Mr. Hosseinzadeh regarding these new claims as is not (1) unreasonably

20  cumulative or duplicative as it seeks information arising from Plaintiff's newly asserted claims

21  and alleged damages; (2) this information cannot be obtained by another source because

22  Plaintiff is the one who has asserted these claims; (3) American Family has not had ample

23  opportunity to depose Plaintiff or Mr. Hosseinzadeh on these newly asserted claims and alleged

24  damages; and (4) the burden of a second deposition of Plaintiff and Mr. Hosseinzadeh does not

No. 2:20-cv-00849 RSM
**AMERICAN FAMILY'S MOTION FOR LEAVE TO CONDUCT THE
SECOND DEPOSITIONS OF PLAINTIFF ROMELIA PEREZ AND
ABOLFAZL HOSSEINZADEH** – 4

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109-6243
(206) 622-0494/Fax (206) 587-2476

outweigh the benefit of American Family and the Court acquiring information related to the basis of Plaintiff's newly asserted claims and alleged damages. In the interest of fully and fairly considering all the evidence, Plaintiff and Mr. Hosseinzadeh should be allowed to be deposed for a second time.  American Family has established the second depositions should be allowed to proceed, so long as they are not unreasonably cumulative or duplicative.

**B.      Plaintiff's Request For a FRCP 30(b)(6) Notice is Inappropriate and Not Supported by Authority.**

Federal Rule of Civil Procedure 30(b)(1) requires that a party seeking a deposition of a person provide reasonable written notice of to every other party. The notice does not need to state the matters upon which the examination is sought. *Saviolis v. National Bank of Greece*, 25 F. Supp. 966, 1938 U.S. Dist. LEXIS 1542 (D.N.Y. 1938); *Bennett v. The Westover, Inc.*, 27 F. Supp. 10, 1938 U.S. Dist. LEXIS 1323 (D.N.Y. 1938); *Goldberg v. Raleigh Mfrs., Inc.*, 28 F. Supp. 975, 1939 U.S. Dist. LEXIS 2476 (D. Mass. 1939); *Spaeth v. Warner Bros. Pic*tures, Inc., 1 F.R.D. 729, 1941 U.S. Dist. LEXIS 2043 (D.N.Y. 1941); *Lenerts v. Rapidol Distributing Corp.,* 3 F.R.D. 42, 1942 U.S. Dist. LEXIS 1800 (D.N.Y. 1942). Federal Rule of Civil Procedure 30(b)(6) pertains to deposition notices or subpoenas of "public or private corporation, a partnership, an association, a governmental agency, or other entity." FRCP 30(b)(6) applies only to organizations, not individuals. *Sarkar v. McCallin*, 636 F.3d 572, 577 (10th Cir. 2011).

Plaintiff's request for a FRCP 30(b)(6) notice is inappropriate, and places an unnecessary burden on American Family.  American Family is not asking for unfettered access to re-depose the Plaintiff and Mr. Hosseinzadeh, however forcing American Family to list out topics to which it intends to inquire, beyond telling Plaintiff it intends to inquire as to the new claims being brought is beyond the scope of the Federal Rules.  Plaintiff and her husband are

No. 2:20-cv-00849 RSM
**AMERICAN FAMILY'S MOTION FOR LEAVE TO CONDUCT THE SECOND DEPOSITIONS OF PLAINTIFF ROMELIA PEREZ AND ABOLFAZL HOSSEINZADEH** – 5

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109-6243
(206) 622-0494/Fax (206) 587-2476

individuals, not organizations. The authority is clear the notice of the respective depositions does not need to state the matters upon which the examination is sought. Therefore, Plaintiff's request is not supported by any authority but rather stands contrary to the rules.

### VI.   CONCLUSION

For the reasons stated herein, American Family respectfully requests that this Court allow it to re-depose Plaintiff Romelia Perez and Mr. Hosseinzadeh, .

DATED this <u>20th</u> day of May, 2021.

**WATHEN | LEID | HALL | RIDER, P.C.**

*/s/ Rory W. Leid*
Rory W. Leid, III, WSBA #25075

*/s/ William L. Weber III*
William L. Weber III, WSBA #28867

/s/ A. Elyse O'Neill
A. Elyse O'Neill, WSBA #46563
*Attorneys for Defendant*
222 Etruria Street
Seattle, WA  98109
Tel:  (206) 622-0494 | Fax:  (206) 587-2476
rleid@cwlhlaw.com | wweber@cwlhlaw.com |
eoneill@cwlhlaw.com

No. 2:20-cv-00849 RSM
**AMERICAN FAMILY'S MOTION FOR LEAVE TO CONDUCT THE
SECOND DEPOSITIONS OF PLAINTIFF ROMELIA PEREZ AND
ABOLFAZL HOSSEINZADEH** – 6

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109-6243
(206) 622-0494/FAX (206) 587-2476

## CERTIFICATE OF SERVICE

The undersigned makes the following declaration certified to be true under penalty of perjury pursuant to RCW 9A.72.085:

On the date given below, I hereby certify that I caused the foregoing to be filed using the United States District Court for Western District of Washington – Document Filing System (CM/ECF) and a true and correct copy to be served on the following parties in the manner indicated:

| **Attorney for Plaintiff:**<br>Isaac Ruiz, WSBA #35237<br>Kathryn M. Knudsen<br>Plaintiff Litigation Group PLLC<br>95 S Jackson St, Ste 100<br>Seattle, WA  98104<br>T: (206) 203-9100<br>iruiz@plaintifflit.com<br>kknudsen@plaintifflit.com | **Via E-Service/Email** |
|---|---|

I certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated this 20th day of May 2021, at Seattle, Washington.

s/ A. Elyse O'Neill
A. Elyse O'Neill

No. 2:20-cv-00849 RSM
**AMERICAN FAMILY'S MOTION FOR LEAVE TO CONDUCT THE SECOND DEPOSITIONS OF PLAINTIFF ROMELIA PEREZ AND ABOLFAZL HOSSEINZADEH** – 7

WATHEN | LEID | HALL | RIDER, P.C.
222 ETRURIA STREET
SEATTLE, WASHINGTON  98109-6243
(206) 622-0494/FAX (206) 587-2476